COPE, Judge.
Andres Altaba and Rafael Acevedo petition for a writ of certiorari to quash a civil contempt order containing a purge provision. We grant the petition.
In adversary probate proceedings, personal representative Evita Lanciotti alleged that the decedent Jose Antonio Lanciotti had established a trust for the benefit of their minor child, Giancarlo Lanciotti. The personal representative alleged that the decedent’s brother, Luis Lanciotti, is the trustee of the trust.
The minor child is a senior in a private high school. When the deadline for payment of the private school tuition and health insurance arrived, the personal representative filed a petition seeking to compel payment of those expenses, in a total amount of $31,-551.99. The personal representative alleged that Altaba and Acevedo had been in business with the decedent and had control over the trust or assets of the decedent.
In response to the petition, Altaba and Acevedo filed detailed sworn responses acknowledging that they had, in the past, had business relationships with the decedent but that those business relationships had ended years ago. Altaba and Acevedo denied having possession, custody, or control of any *401 assets of the decedent, or any control, power of appointment, or any other interest in any trust that the decedent may have established for the minor child.
At the hearing on the personal representative’s petition, counsel for Altaba and Acevedo reviewed the sworn response and reiterated that Altaba and Acevedo hold no assets responsive to the personal representative’s petition. Counsel for the personal representative replied, “Your Honor, if what counsel says is true, then there is no harm in this court entering its order to show cause why these funds are not forthcoming. Their response, I guess, is, we don’t have anything.” Thus, the personal representative’s counsel urged the court to enter an order directing Altaba and Acevedo to pay $31,551.99 from any assets that they might hold for the benefit of the child or the decedent, with the understanding that if Altaba and Acevedo held no assets, then it would be a sufficient response to file a statement saying that they held no assets.
Thereafter, the court entered an order directing Altaba and Acevedo to “pay, upon receipt of a copy of this order, from any funds in their possession and/or control, or in the possession and/or control of their agents, accountants and/or attorneys, held for the benefit of Giancarlo Laneiotti, or the Estate of Jose Antonio Laneiotti ... the sum of $25,169.24 representing the tuition payment ... and the sum of $6,382.75 representing a health insurance premium for Giancarlo Lan-ciotti....” Altaba and Acevedo filed sworn responses again stating that they did not have in their possession or control or the possession or control of any of their agents, accountants, or attorneys, any funds held for the benefit of Giancarlo Laneiotti or the Estate of Jose Antonio Laneiotti.
Upon receiving the sworn responses, the trial court held Altaba and Acevedo in contempt. The court directed Altaba and Acevedo to pay the $31,551.99 by September 5, 1997, failing which they would be jailed. Al-taba and Acevedo have petitioned for certio-rari, and we grant the petition.
First, the personal representative invited the court to enter an order directing Altaba and Acevedo to make the payment of $31,-551.99 from any funds in their possession or control that were held for the benefit of Giancarlo Laneiotti, or the Estate of Jose Antonio Laneiotti. The order did not direct Altaba and Acevedo to make payment of the sum from their personal assets. Consequently, it was sufficient compliance with the order to file another sworn response reiterating that they had no possession or control of any assets for the benefit of the minor child or the decedent’s estate.
Second, the only competent evidence on this issue in this record are the sworn responses of Altaba and Acevedo denying that they hold, or control, any assets for the benefit of the minor child or the estate. There is no evidence in the record to the contrary. That being so, a civil contempt order was impermissible. See Bowen v. Bowen, 471 So.2d 1274, 1277-79 (Fla.1985).
For the stated reasons, we grant the petition and quash the contempt order.
Certiorari granted.